IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

ERIC HOOD,                          )
                                    )          No.  41159-1-III
          Appellant,                )
                                    )
     v.                             )
                                    )
CITY OF PRESCOTT,                   )          UNPUBLISHED OPINION
                                    )
          Respondent.               )

COONEY, J. — Eric Hood appeals the superior court's order on judicial review

entered following his request for records from the City of Prescott (City) under the Public

Records Act (PRA), chapter 42.56 RCW.  On appeal, Mr. Hood argues the superior court

erred in not ordering the City to conduct a new search for records responsive to his

request and in imposing a $500 penalty.  We disagree with Mr. Hood's argument and

affirm.

BACKGROUND

The Washington State Auditor's Office audited the City in January 2019.  City

Attorney Jared Hawkins, City Clerk Linda Vannoster, and the City's mayor were the only

individuals involved with the audit. On September 23, 2019, Mr. Hood made a request to

the City under the PRA for "all records it got from the auditor and all records of any

response to the audit or to the audit report." Clerk's Papers (CP) at 28. Mr. Hawkins

found the request was "vague, ambiguous, and confusing" and sought clarification from

Mr. Hood regarding the scope of his request. CP at 172. Mr. Hood responded to the

City's request:

> Please narrow my request to all records of any response to the
> Accountability report date 03/28/2019, #1023325. I'm seeking
> communication, including attachments, between you and the auditor dated
> after 2/01/19 to the present, and any internal records of response to the
> auditor or auditor's report for the same time range.

CP at 172. On November 4, 2019, Ms. Vannoster produced the responsive records to Mr.

Hood. Mr. Hood confirmed receipt of the records on November 5.

In 2020, Mr. Hood sued the City, alleging it withheld documents and did not

conduct an adequate search in response to his records request. In 2022, the superior court

granted the City's motion for summary judgment and dismissed Mr. Hood's complaint.

Mr. Hood appealed to this court. We concluded a genuine issue of material fact existed

as to whether the City's interpretation of Mr. Hood's PRA request was reasonable,

reversed the order of dismissal, and remanded the matter back to the superior court.

*Hood v. City of Prescott*, No. 39618-5-III, slip op. at 10-11 (Wash. Ct. App. April 30,

2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/396185_unp.pdf.

On remand, the City noted a hearing for judicial review under RCW 42.56.550. Prior to the hearing, the City responded to new discovery requests from Mr. Hood. At the judicial review hearing, the City provided sworn declarations from Ms. Vannoster and Mr. Hawkins detailing the search. The City also provided declarations from city council members who served at the time of the original PRA request. The city council members declared they were not involved in the audit and did not have any responsive documents.

At the conclusion of the judicial review hearing, the court found the "City's interpretation of the scope of [Mr. Hood's PRA] Request was reasonable," but "the City's search for responsive records was inadequate because the City failed to search for records held by City Councilmembers." CP at 626. Although the court found the City did not act in bad faith, it did find the City "committed a narrow violation" of the PRA and imposed a $500 penalty. CP at 626. Mr. Hood moved for reconsideration, arguing the court erred in not ordering the City to conduct a new search and in imposing a $500 fine. The court denied the motion.

Mr. Hood appeals to this court.

ANALYSIS

ADEQUACY OF SEARCH AND PENALTY

*Adequacy of Search*

Mr. Hood contends the superior court erred in failing to order the City to conduct a new search after finding the previous search was inadequate. We disagree.

3

The PRA mandates "all state and local agencies to disclose any public record upon request, unless it falls within certain specific enumerated exemptions." *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 734, 218 P.3d 196 (2009). Agencies are required to conduct "adequate searches for responsive records and an inadequate search is treated as a PRA violation." *O'Dea v. City of Tacoma*, 19 Wn. App. 2d 67, 79, 493 P.3d 1245 (2021). "The trial court has discretion to impose penalties for violations." *Id*. at 85.

We review de novo agency action taken or challenged under chapter 42.56 RCW. RCW 42.56.550(3). The PRA authorizes the court to "conduct a hearing based solely on affidavits." *Id*. If a trial court's decision was based on documentary evidence alone, this court sits in the same position as the trial court and is "not bound by the trial court's findings on disputed factual issues." *Cantu v. Yakima Sch. Dist. No. 7*, 23 Wn. App. 2d 57, 80, 514 P.3d 661 (2022).

Mr. Hood argues the City should be required to conduct a new search after the court found the initial search was inadequate. The PRA does not outline "what constitutes an adequate search." *Neighborhood All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 708, 261 P.3d 119 (2011). Nevertheless, an "inadequate search is a violation of the PRA because it precludes an adequate response." *Id*. at 724.

Here, the City's initial search was inadequate based on its failure to search for responsive records possibly held by city council members. Such a deficiency does not, however, require the City to conduct a completely new search. Rather, the deficiency of

4

the search was remedied when the City provided declarations from the city council members stating they were not involved in the audit and did not possess any records related to the audit. Moreover, Mr. Hood does not provide authority to support his contention that a court is required to order a new search on a finding that the initial search was inadequate. When a party fails to cite legal authority, we may presume none exists. *P.E.L. v. Premera Blue Cross*, 24 Wn. App. 2d 487, 500, 520 P.3d 486 (2022), *aff'd in part, rev'd in part*, 2 Wn.3d 460, 540 P.3d 105 (2023).

Mr. Hood further contends the City "is liable for withholding the records it produced to Hood for the first time on November 20, 2024, in response to his discovery." CP at 324. However, the records at issue were outside the scope of Mr. Hood's initial request. Mr. Hood's discovery requests expanded the scope of his initial request.

We affirm the superior court's order on judicial review rejecting Mr. Hood's demand that the City conduct a new search responsive to his request.

### *Penalty*

Mr. Hood next argues the court erred in awarding a $500 penalty without first finding that any particular responsive record had been withheld. We disagree.

Penalty assessments awarded under the PRA are reviewed for abuse of discretion. *O'Dea*, 19 Wn. App. 2d at 79. A court "abuses its discretion when it acts on untenable grounds or its ruling is manifestly unreasonable." *State v. Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016). A "decision is based 'on untenable grounds' or made 'for

untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)). A "decision is 'manifestly unreasonable' if the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take,' and arrives at a decision 'outside the range of acceptable choices.'" *Id.* (citation omitted) (quoting *State v. Lewis*, 115 Wn.2d 294, 298-99, 797 P.2d 1141 (1990)); *Rundquist*, 79 Wn. App. at 793.

"While a party who demonstrates a PRA violation is entitled to costs and attorney fees, the decision to impose a penalty, and the amount of the penalty are within the trial court's considerable discretion." *Cantu*, 23 Wn. App. 2d at 102. On appeal, this court "should consider a more holistic review of the overall penalty to determine whether a trial court's assessment was adequate in light of the totality of the circumstances." *Id*. at 103. The court assesses the mitigating and aggravating factors under *Yousoufian v. Office of Ron Sims*,[1] but the factors are mere guidance for imposing penalties. *Id.* at 103-04.

Here, the trial court applied the correct legal standard and based its decision on facts supported by the record. The trial court expressly rejected allegations of bad faith against the City and found a narrow violation "relating to the City Council records," none

---

[1] 168 Wn.2d 444, 229 P.3d 735 (2010).

of which existed. Thus, the court did not abuse its discretion in awarding Mr. Hood a

$500 penalty it deemed adequate in light of the circumstances.

ATTORNEY FEES

Mr. Hood requests an award of attorney fees on appeal. We decline to grant his

request as he did not prevail. While Mr. Hood properly requested fees and costs under

RAP 18.1(a), he is not the prevailing party under RCW 42.56.550(4) and is therefore not

entitled to an award of attorney fees and costs.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_Cooney, A.C.J._
Cooney, A.C.J.

WE CONCUR:

_____
Murphy, J.

_____
Hill, J.